UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

LINDA IMEL,

       Plaintiff,

   v.

COUNTY OF EL DORADO,

       Defendant.

_____/

NO. 2:10-CV-0688 FCD EFB

MEMORANDUM AND ORDER

----oo0oo----

This matter is before the court on defendant County of El Dorado's (the "County" or "defendant") motion to dismiss plaintiff Linda Imel's ("Imel" or "plaintiff") complaint pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(6).  Plaintiff opposes the motion.  For the reasons set forth below,[1] defendant's motion is GRANTED in part and DENIED in part.

/////

---

[1]  Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs. E.D. Cal. L.R. 78-230(h).

1

1

**BACKGROUND**

2    Plaintiff Imel was employed by defendant County with its
3   Department of Child Support Services ("DCSS"). (Compl., filed
4   Mar. 22, 2010, ¶ 5.) She was hired by DCSS on or about March 11,
5   2000 and worked continuously for the County over the next 10
6   years. (Id. ¶ 6.) During the vast majority of that time, she
7   received exemplary performance reviews and appraisals from her
8   supervisors and consistently received merit raises. (Id.)

9    On or about September 17, 2008, management began to
10  criticize plaintiff's appearance as "unprofessional." (Id. ¶ 7.)
11  Plaintiff was called into an individual meeting after management
12  had chastised all the employees about the perceived inadequacies
13  of their attire. (Id. ¶ 9.) Plaintiff was the only employee who
14  demanded her union shop steward accompany her in the meeting.
15  (Id.)

16    At the same time, management also found reasons to reprimand
17  plaintiff. (Id. ¶ 8.) Specifically, she was chastised for
18  failing to read an email and consequently, failing to attend a
19  workshop. Subsequently, on October 23, 2009, after plaintiff
20  committed a clerical oversight in failing to generate a
21  preliminary notice to a consumer, she was summarily terminated.
22  There was no progressive discipline, and plaintiff contends that
23  her "Skelley" hearing was "a farcical kangaroo court." Plaintiff
24  alleges that at the time of her termination she was nearing a
25  step-up in her benefits due to her seniority and years on the
26  job.

27    Plaintiff contends that the proffered reasons for her
28  termination were pretext for (1) retaliating against her for

2

1  asserting her rights; and (2) terminating "costlier older workers
2  and the costly retirements to which they were entitled, as well
3  as the costly health care they needed and had earned." (<u>Id.</u> ¶¶
4  8-9.)  Plaintiff further contends that after her termination, she
5  did not receive her earned wages or accrued benefits in a timely
6  fashion and did not receive any interest or penalties on the
7  delayed payments.

8      On March 22, 2010, plaintiff filed a complaint, alleging
9  claims against the County for (1) violation of the Age
10 Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623; (2)
11 unfair labor practice in violation of 29 U.S.C. § 158;[2] (3)
12 failure to pay wages when due in violation of California Labor
13 Code § 218.6; and (4) retaliation in violation of California
14 Labor Code § 1102.5.

15                          **STANDARDS**

16     Under Federal Rule of Civil Procedure 8(a), a pleading must
17 contain "a short and plain statement of the claim showing that
18 the pleader is entitled to relief."  <u>See</u> <u>Ashcroft v. Iqbal</u>, 129
19 S. Ct. 1937, 1949 (2009).  Under notice pleading in federal
20 court, the complaint must "give the defendant fair notice of what
21 the claim is and the grounds upon which it rests."  <u>Bell Atlantic</u>
22 <u>v. Twombly</u>, 550 U.S. 544, 555 (2007) (internal quotations
23 omitted).  "This simplified notice pleading standard relies on
24 liberal discovery rules and summary judgment motions to define
25 disputed facts and issues and to dispose of unmeritorious

26 _____
27     [2]   Defendant moves to dismiss this claim on the basis tat
   the court does not have federal jurisdiction over this claim.
   Plaintiff does not oppose the motion.  Accordingly, defendant's
28 motion to dismiss the second claim for relief is GRANTED.

                              3

1    claims." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002).

2        On a motion to dismiss, the factual allegations of the

3    complaint must be accepted as true. Cruz v. Beto, 405 U.S. 319,

4    322 (1972). The court is bound to give plaintiff the benefit of

5    every reasonable inference to be drawn from the "well-pleaded"

6    allegations of the complaint. Retail Clerks Int'l Ass'n v.

7    Schermerhorn, 373 U.S. 746, 753 n.6 (1963). A plaintiff need not

8    allege "'specific facts' beyond those necessary to state his

9    claim and the grounds showing entitlement to relief." Twombly,

10   550 U.S. at 570. "A claim has facial plausibility when the

11   plaintiff pleads factual content that allows the court to draw

12   the reasonable inference that the defendant is liable for the

13   misconduct alleged." Iqbal, 129 S. Ct. at 1949.

14       Nevertheless, the court "need not assume the truth of legal

15   conclusions cast in the form of factual allegations." United

16   States ex rel. Chunie v. Ringrose, 788 F.2d 638, 643 n.2 (9th

17   Cir. 1986). While Rule 8(a) does not require detailed factual

18   allegations, "it demands more than an unadorned, the defendant-

19   unlawfully-harmed-me accusation." Iqbal, 129 S. Ct. at 1949. A

20   pleading is insufficient if it offers mere "labels and

21   conclusions" or "a formulaic recitation of the elements of a

22   cause of action." Twombly, 550 U.S. at 555; Iqbal, 129 S. Ct. at

23   1950 ("Threadbare recitals of the elements of a cause of action,

24   supported by mere conclusory statements, do not suffice.").

25   Moreover, it is inappropriate to assume that the plaintiff "can

26   prove facts which it has not alleged or that the defendants have

27   violated the . . . laws in ways that have not been alleged."

28   Associated Gen. Contractors of Cal., Inc. v. Cal. State Council

1   of Carpenters, 459 U.S. 519, 526 (1983).

2        Ultimately, the court may not dismiss a complaint in which

3   the plaintiff has alleged "enough facts to state a claim to

4   relief that is plausible on its face."  Iqbal, 129 S. Ct. at 1949

5   (citing Twombly, 550 U.S. at 570).  Only where a plaintiff has

6   failed to "nudge [his or her] claims across the line from

7   conceivable to plausible," is the complaint properly dismissed.

8   Id. at 1952.  While the plausibility requirement is not akin to a

9   probability requirement, it demands more than "a sheer

10  possibility that a defendant has acted unlawfully."  Id. at 1949.

11  This plausibility inquiry is "a context-specific task that

12  requires the reviewing court to draw on its judicial experience

13  and common sense."  Id. at 1950.

14                              **ANALYSIS**

15  **1.   ADEA**

16       Defendant moves to dismiss plaintiff's first claim for

17  relief for discrimination in violation of the ADEA on the grounds

18  that plaintiff has failed to plead sufficient facts to state a

19  claim.  Specifically, defendant contends that plaintiff fails to

20  allege her age or date of birth and that she insufficiently

21  alleges a connection between her age and an adverse employment

22  action.

23       The ADEA provides that it is unlawful for an employer "to

24  discharge any individual or otherwise discriminate against any

25  individual with respect to his compensation, terms, conditions,

26  or privileges of employment, because of such individual's age."

27  29 U.S.C. § 623(a)(1).  A plaintiff may establish a prima facie

28  claim of disparate treatment on the basis of age by demonstrating

                                    5

1  that she was "(1) at least forty years old; (2) performing [her]

2  job satisfactorily; (3) discharged; and (4) either replaced by

3  substantially younger employees with equal or inferior

4  qualifications or discharged under circumstances otherwise

5  'giving rise to an inference of age discrimination.'" Diaz v.

6  Eagle Produce Ltd. P'ship, 521 F.3d 1201, 1207 (9th Cir. 2008)

7  (quoting Coleman v. Quaker Oats Co., 232 F.3d 1271, 1281 (9th

8  Cir. 2000)).   Further, a plaintiff must demonstrate "that age was

9  the 'but-for' cause of the employer's adverse decision." Gross

10  v. FBL Fin. Servs., Inc., 129 S. Ct. 2343, 2350 (2009).

11       While plaintiff does not specifically allege her age or date

12  of birth, she asserts that she is of an "advanced age" and that

13  she was nearing an increase in her benefits "due to her seniority

14  and years on the job." (Compl. ¶¶ 8, 10.)  Plaintiff also

15  alleges that during the majority of her time on the job, she

16  consistently received positive performance reviews and appraisals

17  from her supervisors. (Compl. ¶ 6.)  Plaintiff further contends

18  that she was discharged because she the County sought to save

19  money by discharging older employees and thus, the reasons given

20  for her reprimands and subsequent discharge were pretextual.

21  (Compl. ¶ 8.)

22       Therefore, at this stage of the litigation, where

23  plaintiff's allegations must be taken as true and reasonable

24  inferences drawn therefrom, plaintiff has stated a plausible

25  claim for discrimination under the ADEA.

26  **2.   California Labor Code § 1102.5**

27       Defendant moves to dismiss plaintiff's claim for violation

28  of California Labor Code § 1102.5 on the basis that common law

6

actions against public entities for wrongful termination or
retaliation are barred by California Government Code § 815(a).
Defendant also contends that the claims should be dismissed for
failure to comply with the California Tort Claims Act ("CTCA").

**1.   California Government Code § 815**

California Government Code § 815(a) provides that "[a]
public entity is not liable for an injury" except as otherwise
provided by statute.  Section 815(a), therefore, "abolishes
common law tort liability for public entities." Lloyd v. County
of Los Angeles, 172 Cal. App. 4th 320, 329 (2009).

However, in this case, plaintiff does not allege common law
torts against the County.  Rather, plaintiff alleges claims under
California Labor Code § 1102.5, which provides that an employer
may not retaliate against an employee for exercising rights
provided by the statute.  Defendant has failed to set forth any
law or argument that any government immunity provision bars
alleged statutory violations of the California Labor Code. See
Thornborough v. W. Placer Unified Sch. Dist., No. 2:09-cv-2613,
2010 WL 2179917, at *15 (E.D. Cal. May 27, 2010) (holding that §
815(a) did not bar claims against a district for an alleged
violation of California Labor Code § 1102.5); see also Chapin v.
Aguirre, No. 05CV1906 R(POR), 2007 WL 1660740, at *8 (S.D. Cal.
June 7, 2007) (holding that a similar governmental immunity
provision did not bar claims alleged under California Labor Code
§ 1102.5).  Accordingly, defendant's argument that plaintiff's
statutory claim is barred by § 815(a) is without merit.
/////
/////

## 2.   California Tort Claims Act

In order to state a tort claim for money or damages against a public entity, the CTCA requires the timely presentation of a written claim in whole or in part within either six months or a year after the accrual of the cause of action depending on the nature of the tort.   Cal. Gov't Code § 911.2.   Under Government Code § 945.4,

> [N]o suit for money or damages may be brought against a public entity on a cause of action for which a claim is required to by presented in accordance with Chapter 1 (commencing with section 900) and Chapter 2 (commencing with section 910) of Part 3 of this division until a written claim therefore has been presented to the public entity and has been acted upon by the board, or has been deemed to have been rejected by the board.

Cal. Gov't Code § 945.4.   Because all governmental tort liability is based on statute, as opposed to common law tort doctrine, the CTCA also applies to statutory claims for damages against a public entity.   See Shoemaker v. Myers, 2 Cal. App. 4th 1407, 1425-26 (1992) (holding that the claim presentation requirement of the CTCA applies to a statutory whistleblower claim); Koniq v. State Bar of Cal., No. C04-2210, 2004 WL 2091990, at *7 (N.D. Cal. Sept. 16, 2004) (holding that compliance with CTCA was required for plaintiff's claim under California Labor Code § 1102.5).

The claim presentation requirement serves (1) to give the public entity prompt notice of a claim in order to investigate the strengths and weakness of the claim while the evidence is fresh and witnesses are available; (2) to provide an opportunity for "amicable adjustment, thereby avoiding expenditure of public funds in needless litigation;" and (3) to inform the public

8

entity of potential liability in preparing its budget.  <u>Spencer</u> <u>v. Merced County Office of Educ.</u>, 59 Cal. App. 4th 1429, 1434-35 (1997).  A "public entity" includes "the State, the Regents of the University of California, a county, city, district, public authority, public agency, and any other political subdivision or public corporation in the State."  Cal. Gov't Code § 811.2.

A plaintiff has the burden of pleading compliance with the California Tort Claims Act in the complaint.  <u>Wood v. Riverside</u> <u>General Hospital</u>, 25 Cal. App. 4th 1113, 1119 (1994).  Moreover, compliance with the CTCA is mandatory.  <u>City of San Jose v.</u> <u>Superior Court</u>, 12 Cal. 3d 4447, 454 (1974).  Federal courts have recognized these requirements.  <u>See</u> <u>Ortega v. O'Connor</u>, 764 F.2d 701, 707 (9th Cir. 1985), <u>rev'd on other grounds</u>, 107 S. Ct. 1492 (1987) (failure to comply with claim-filing requirements imposed by California Tort Claims Act bars pendent state claims).

Plaintiff's complaint fails to allege compliance with the CTCA.  However, plaintiff attached a form to her opposition that appears to be a government claim form submitted to the State of California on April 5, 2010.  (Ex. A to Pl.'s Opp'n to Mot. to Dismiss, filed June 1, 2010.)  From its face, this form was not submitted to the public entity against whom plaintiff filed suit, the County.  Rather, it appears to be submitted to the State.  As such, plaintiff has failed to plead compliance with the CTCA.  <u>See</u> <u>Spencer</u>, 59 Cal. App. 4th at 1433-34, 1440 (affirming dismissal of claim where the plaintiff filed the government tort claim with the wrong public entity).

/////

/////

Therefore, defendant's motion to dismiss plaintiff's claim for violation of California Labor Code § 1102.5 is GRANTED with leave to amend.

**3.   Failure to Pay Wages**

Finally, defendant moves to dismiss plaintiff's claim for failure to pay wages on the basis that the court should decline to exercise supplemental jurisdiction over state law claims if the federal claims are dismissed.  Because plaintiff has sufficiently pled a claim for violation of the ADEA, defendant's argument is without merit.

**CONCLUSION**

For the foregoing reasons, defendant's motion to dismiss plaintiff's complaint is GRANTED in part and DENIED in part. Plaintiff is granted fifteen (15) days from the date of this order to file a first amended complaint in accordance with this order.  Defendant is granted thirty (30) days from the date of service of plaintiffs' first amended complaint to file a response thereto.

IT IS SO ORDERED.

DATED: June 28, 2010

_____
FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE